UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

TIMOTHY O'NEAL BULLOCK,

Plaintiff,

v.

JAMES DZURENDA, *et al.*,

Defendants.

Case No. 3:26-CV-00067-ART-CLB

**ORDER**

*Pro se* Plaintiff Timothy O'Neal Bullock initiated this case with an application to proceed *in forma pauperis*, a civil rights complaint, and a motion for appointment of counsel. (ECF Nos. 1, 1-1, 1-2). Since filing his complaint, Plaintiff has filed nine more motions including: three more motions for appointment of counsel; four motions requesting a preliminary injunction, temporary restraining order, or to be moved to a different prison; a motion to set a trial date; and a motion stating that the Defendants have failed to comply with Court deadlines. (ECF Nos. 5, 6, 7, 8, 9, 10, 11, 12, 13).

As the Court explained in the advisory letter it sent Plaintiff when he initiated this action, "[t]he Court will review your complaint before docketing and service of defendants." (ECF No. 3 at 1). Review means that the Court will "screen" the complaint under 28 U.S.C. § 1915A "to identify any 'colorable claims'" and dismiss any claims that are frivolous, malicious, or fail to state a colorable claim for relief or seek monetary damages from any defendant who is immune from that relief." (*Id.*) "This process may take many months." (*Id.*)

The letter reiterated that "the Court will order service upon defendants when it is time to do so." (*Id.* at 3). It also cautioned that "[f]iling multiple motions requesting the same relief is a litigation tactic that strains the resources of the Court and generally delays a decision in the case. The Court may impose sanctions on the parties who engage in such litigation tactics." (*Id.* at 3).

The Court has not yet screened Plaintiff's complaint, let alone ordered service on any defendant. Filing multiple duplicative motions does not *increase* the speed in which the Court is able to proceed with this case. The Court has a heavy docket and Plaintiff's case is just one of hundreds before the Court. Plaintiff's excessive filings only *slows* the pace of this litigation by requiring the Court's attention and consideration of small and secondary matters instead of the central issues in this case.

In one of his motions, Plaintiff states that the defendants did not address his motion by the "Responses due" deadline that was generated on the docket. (ECF No. 12). Plaintiff is advised that docket text stating when responses or replies are due is automatically generated whenever certain documents like motions are filed. Unless otherwise ordered, those deadlines apply to the parties only after they have appeared in a lawsuit. No defendant responded to Plaintiff's motions because no defendant has appeared in this lawsuit. And, again, appearances will not happen until after the Court orders service upon defendants.

The Court further notes that Plaintiff has been filing documents through regular mail rather than the Court's e-filing system. Pursuant to District of Nevada Fifth Amended General Order No. 2012-01, e-filing became mandatory at various NDOC facilities starting in 2013. Efiling became mandatory at LCC, where Plaintiff is currently housed, in 2015. Both inmates and opposing parties who are registered users of the Court's electronic filing system are required to use the Court's e-filing system. The decision to mandate e-filing was made to reduce the cost of processing prisoner filings.

Plaintiff is advised that all litigants, whether appearing *pro se* or represented by an attorney, are required to follow the Federal Rules of Civil Procedure, the Local Rules of this District, and this Court's standing orders. *See, e.g.*, *Briones v. Rivera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997) ("[P]ro se litigants are not excused from following court rules."); *King Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."), *overruled on other grounds by*

*Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012). Plaintiff is cautioned that the Court may strike without further prior notice any additional motions he files that fail to comply with these requirements, including any motions filed by mail instead of through the Court's e-filing system.

## II.   CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's duplicative motions for appointment of counsel (ECF Nos. 8, 11, 13) are **DENIED**. The Court will consider Plaintiff's initial motion for appointment of counsel, (ECF No. 1-2), when it screens his complaint.

**IT IS FURTHER ORDERED** that Plaintiff's motion to set a trial date, (ECF No. 9), is **DENIED** as premature.

**IT IS FURTHER ORDERED** that Plaintiff's motion for failure to comply, (ECF No. 12), is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to send Plaintiff another courtesy copy of the Court's advisory letter and a courtesy copy of the Court's Fifth Amended General Order No. 2012-01.

**DATED**: April 3, 2026.

_____
UNITED STATES MAGISTRATE JUDGE